# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JANE WILLIAMSON and GERALD BEAUCHESNE, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSEMI CORP., PETT ACQUISITION CORP., SYMMETRICOM, INC., and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:14-cv-01827-LHK<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: February 19, 2015<br>Time:         1:30 p.m.<br>Courtroom:    8<br>Judge:        Lucy Koh |

This matter having come before the Court on February 19, 2015, for Final Approval of the parties' Joint Stipulation of Class Action Settlement and Release (Dkt. No. 22), dated August 21, 2014 ("Settlement Stipulation") and Addendum to the Joint Stipulation of Class Action Settlement and Release (Dkt. No. 29-1), dated January 15, 2015 ("Addendum") (collectively, "Settlement"), between Plaintiffs Jane Williamson ("Williamson") and Gerald Beauchesne ("Beauchesne") (collectively, "Named Plaintiffs") and Defendants Microsemi Corp., PETT Acquisition Corp. and Symmetricom, Inc. (collectively, "Defendants"),[1] due and adequate notice having been given to

---

[1] PETT, although named as a party in this suit, no longer exists as a separate corporate entity, as it was merged into Symmetricom pursuant to the Agreement and Plan of Merger, dated October 21,

Putative Class Members as required by the Court's Order Granting Preliminary Approval of Class Action Settlement (Dkt. No. 26), dated November 6, 2014 ("Preliminary Approval Order"), and the Court having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the proposed Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefore, it is hereby **ORDERED AS FOLLOWS:**

1.  All terms used herein and not otherwise defined shall have the same meaning as given in the Settlement Stipulation and/or Addendum.  All references herein to "Settlement" shall include and incorporate both the Settlement Stipulation and the Addendum.

2.  The Court has jurisdiction over the subject matter of this proceeding and personal jurisdiction over all parties to this proceeding, including Defendants and all Settlement Class Members.

3.  The Court hereby certifies the following Class for purposes of this settlement only to include:

> Any employee of Symmetricom who remained on Symmetricom's payroll as of November 26, 2013 and was a participant in Symmetricom's Incentive Compensation Plan and/or Symmetricom's Success Sharing Plan.

4.  The Court hereby finds that the Settling Class meets all the requirements of Federal Rule of Civil Procedure 23(a) in the context of settlement: That is, the class is sufficiently numerous, Named Plaintiffs Jane Williamson and Gerald Beauchesne are typical and adequate class representatives, and common questions are present.  The Court makes no finding as to whether the Settling Class meets the "manageability" requirement of Federal Rule of Civil Procedure 23(b)(3), but finds that, other than with respect to manageability, the Settling Class meets the predominance and superiority requirements of Fed. R. Civ. Proc. 23(b)(3).

5.  The deadline for filing a request for exclusion was February 3, 2015.  No Class Members have opted out.

---

2013. All further references to Microsemi will be to the merged surviving entity and all references to Defendants will refer collectively to Microsemi and Symmetricom.

6. Distribution of the Settlement Class Notice and Data Form to the Putative Class Members as set forth in the Settlement and confirmed in the Claims Administrator's declaration, has been completed in conformity with the Preliminary Approval Order – including individual notice to all Putative Class Members who could be identified through reasonable effort – and constitutes the best notice practicable under the circumstances. The Court hereby finds that the Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Settlement Stipulation, including the Release, the method of calculating Settlement Class Member Payments and each Class Member's individual payment amount, and the proposed deductions for attorneys' fees and litigation expenses, settlement administration costs, and class representative incentive awards. The Notice also informed Class Members of the manner in which to request exclusion or to object to the settlement and the deadlines for each, and their right to appear in person or by counsel at the Final Approval Hearing. Reasonable periods of time were provided for each of these procedures. The Court also finds that the Notice provided adequate and appropriate notice to all persons entitled to such notice, and therefore fully satisfied the requirements of due process and Fed. R. Civ. P. 23(c) and (e).

7. There is no reason to send new class notice regarding the Addendum, which provides additional benefits to the class as a whole. *See Weeks v. Kellogg Co.*, No. CV 09-08102 MMM RZX, 2013 WL 6531177, at \*38 (C.D. Cal. Nov. 23, 2013) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 962 F.Supp. 450, 473 n.10 (D.N.J.1997)). In addition, the Settlement Class Notice advised the Putative Class Members that settlement payments could increase (or decrease) without additional notice.

8. Defendants have filed documentation which demonstrates compliance with the notice requirements of 29 U.S.C. § 1715(b). *See* Notice of Compliance with 28 U.S.C. §§ 1715 and 1332(d) (Dkt. No. 23), dated August 27, 2014.

9. The Court hereby finds the Settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that Plaintiffs have satisfied the standards and

- 3 -
FINAL APPROVAL ORDER   CASE NO. 5:14-CV-01827-LHK

applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23(e).

10. Upon review of the record, particularly the Declarations of Cliff Palefsky and Eve Cervantez, the Settlement Stipulation and Addendum, and Class Counsel's Motion for Final Approval, the Court hereby finds that the Settlement – including but not limited to the amount paid in settlement, the plan of allocation, and the releases set out in Paragraphs 101, 102, and 103 of the Settlement Stipulation – is, in all respects, fair, adequate and reasonable, and therefore approves the Settlement. The Court has come to this determination pursuant to the factors outlined in cases such as *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004), including "(1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant;[2] and (8) the reaction of the class members to the proposed settlement." The Court has also considered the factors set forth in *In re Bluetooth Headsets Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011), and finds no evidence of collusion here.

11. The Court also notes that the Settlement contains a release and/or waiver of certain potential claims under California Labor Code §§ 2698 *et seq.* ("PAGA"). Accordingly, this Court hereby finds that the members of the Settling Class acknowledge and/or are deemed to acknowledge that they are choosing, on a post-dispute basis and with the advice of counsel, to waive any right they may have to bring a claim on behalf of themselves and/or on behalf of the State of California pursuant to PAGA. *See Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 387 (2014) ("Of course, employees are free to choose whether or not to bring PAGA actions when they are aware of Labor Code violations").

12. The Court directs the parties to effectuate the settlement terms as set forth in the Settlement. The Court also directs the Claims Administrator to calculate and pay the claims of all

---

[2] This factor is irrelevant as there was no government participant here.

448 Settlement Class Members in accordance with the terms set forth in the Settlement.

13. Any Settlement Class Member who did not timely opt out will be bound by the Settlement, pursuant to Paragraph 17 of this Order and Paragraph 73 of the Settlement Stipulation, regardless of whether they ultimately receive their Settlement Class Member Payment.

14. The Court hereby confirms Cliff Palefsky and Scott Stillman of McGuinn, Hillsman & Palefsky, and Michael Rubin and Eve Cervantez of Altshuler Berzon LLP as Class Counsel.

15. As set forth in more detail in the separate Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Payments, an award of attorneys' fees in the aggregate amount of $587,500– equivalent to 25% of the total Gross Settlement Value – and for costs and litigation expenses in the aggregate amount of $6,280.07 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted.  A payment to Dahl Administration, Inc, as Claims Administrator, in the aggregate amount of $14,830.00 is similarly granted.  These payments to Class Counsel and the Claims Administrator shall only be made in accordance with the terms set forth in the Settlement.

16. As set forth in more detail in the separate Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Payments, and having reviewed the Named Plaintiffs' declarations in support of Plaintiffs' Motion for Preliminary Approval of Settlement (Dkt. Nos. 21-3, 21-4) the Court also hereby approves Named Plaintiffs Williamson and Beauchesne as Class Representatives and grants payment to Ms. Williamson and Mr. Beauchesne of an Enhancement Award in the amount of $5,000 each for their service as Class Representatives.

17. As of the Effective Date as defined in the Settlement, each and every Released Claim (as defined in the Settlement Stipulation) of each  Settlement Class Member – regardless of whether or not they ultimately receive a Settlement Class Member Payment – is and shall be deemed to be conclusively released as against the Microsemi Releasees (as defined in the Settlement Stipulation).  As of the Effective Date, all Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Microsemi Releasees.

18. Neither the Settlement nor any of the terms set forth in the Settlement Stipulation constitute an admission by Defendants, or any of the other Microsemi Releasees, of liability to the Plaintiffs or any Settlement Class Member or Putative Class Member, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims alleged by Plaintiffs in the Lawsuit, or of any liability of Defendants or any of the other Microsemi Releasees. This Order, the Settlement, any action taken to carry out the Settlement, any document referenced to herein or filed in connection herewith, and the exhibits thereto, and any negotiations or proceedings related thereto shall not be construed as, or deemed to be evidence of, or an admission or concession with regard to the denials or defenses by Defendants. Nothing in this paragraph, however, shall be deemed to preclude the parties from introducing this Order, the Settlement and/or exhibits, and any other papers and records on file in the Lawsuit, to enforce the Settlement and/or any orders of this Court, and/or in any other litigation as evidence of the Settlement by Defendants to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

19. If the Settlement does not become final and effective in accordance with its terms, this Final Approval Order and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

20. Without affecting the finality of the Settlement or the dismissal of this action, this Court shall retain exclusive and continuing jurisdiction over the present action and the Settling Parties, including all Settlement Class Members, for purposes of enforcing and interpreting the Settlement, this Final Approval Order, and the distribution of Settlement Class Member Payments.

21. The Court hereby directs the parties to effectuate the terms of the Settlement as set forth in the Settlement Stipulation and Addendum.

22. The Court further approves and directs Dahl Administration, Inc., the appointed Claims Administrator, to disburse to those persons and entities referenced below, in the manner set forth, the following sums:

A. Settlement Class Members, by check, his or her Settlement Class Member Payment as

calculated by the Claims Administrator pursuant to Paragraph 92 of the Settlement Stipulation, as modified by the Addendum, within ten (10) business days of the Effective Date, as defined in Paragraphs 70-74 of the Settlement Stipulation;

B. Named Plaintiffs, the sums of $5,000 each by check within fifteen (15) business days of the Effective Date, in addition to any Settlement Class Member Payment to which each of them is entitled;

C. Altshuler Berzon LLP and McGuinn, HIllsman & Palefsky, jointly, by wire transfer, the total amount of $587,500, for their attorneys' fees and $6,280.97 for their litigation expenses, within fifteen (15) business days of the Effective Date;

D. As set forth in Paragraph 100, any Residual Amount from Settlement Class Members' uncashed checks, will escheat to the State of that Settlement Class Member's residence.

23.   The above-captioned action is hereby dismissed with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED**

DATED: February 19, 2015

_____
HONORABLE LUCY H. KOH
UNITED STATES DISTRICT COURT